THE PEOPLE ex rel. HENRY D. HART, Respondent, *v.* THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW YORK, Appellant.

Where a subordinate tribunal had jurisdiction, and there was evidence legitimately tending to support its decision, and no rule of law was violated, the decision cannot be reviewed upon a common-law *certiorari.*

The relator was a member of the uniformed force of the fire department of the city of New York ; he was charged in writing by the foreman of his company with having been at its truck house at a time specified " under the influence of liquor." He was notified of the charge and appeared before the board of fire commissioners at a time appointed for examination and pleaded guilty. Desiring to make an explanation he was sworn and testified that on the morning of the occurrence he had a chill and pain in his back, and before eating breakfast drank a glass of brandy and was overcome thereby. The foreman testified that the relator came to quarters in the morning under the influence of liquor, that he was a hard drinker as a general thing, and that witness had had occasion to reprimand him for his habits. The commissioners found him guilty and sentenced him to be dismissed. *Held,* that under the provisions of the charter (§ 77, chap. 335, Laws of 1873 ; § 60, chap. 137, Laws of 1870), in relation to the government and discipline of the fire department, the commissioners had jurisdiction and a case was made out sufficient to authorize their decision and, the same was final and conclusive ; that it was not necessary that rules should have been adopted and promulgated prohibiting intoxication before the commissioners could remove a member for that cause ; that it was " conduct injurious to the public welfare " and " unbecoming an officer," within the meaning of said provisions of the charter.

*It seems* that the interests of the service require that in such cases a wide discretion be left to the commissioners, and their judgment should not be disturbed save where there was an entire absence of evidence to sustain it.

(Argued October 5, 1880 ; decided October 15, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term which reversed, upon common-law *certiorari,* the proceedings and decision of the board of fire commissioners of the city of New York, removing the relator from the position of fireman in the fire department of said city.

The facts appear sufficiently in the opinion.

*D. J. Dean* for appellant. The fire commissioners had jurisdiction to make the order dismissing the relator, and in their proceedings have complied with every condition prescribed by the statutes which define their powers. (Laws 1873, chap. 335; id. 1870, chap. 137.) It was the province of the commissioners to judge of the credibility of the relator, and to believe or disbelieve his statements, according to their judgment. (*Elwood* v. *Western U. Tel. Co.*, 45 N. Y. 353; *Newton* v. *Pope*, 1 Cow. 110; *Lomer* v. *Meeker*, 25 N. Y. 361.) It was the province of the commissioners to judge whether the explanation of the relator was "perfectly satisfactory," and it is not the province of the court to pass upon the character of the excuse. (*People ex rel. Folk* v. *The Bd. of Police*, 69 N. Y. 411.) The court will examine the record only so far as to determine whether there was any legal proof of the facts necessary to authorize the adjudication, and whether any rule of law affecting the right of the relator has been violated. (*People* v. *Smith*, 45 N. Y. 772; *People* v. *Bd. of Police*, 39 id. 506; *People* v. *Bd. of Assessors*, 40 id. 104; *People* v. *Bd. of Com'rs*, 69 id. 408.)

*Douglas A. Levien, Jr.*, for respondent. Every act requisite to confer jurisdiction must be proven, nothing can be inferred. (*People* v. *Bd. of Police*, 39 N. Y. 518; *People* v. *Smith*, 47 id. 781; *People ex rel. Miller* v. *Bd. of Police*, 67 id. 475; *Monday* v. *Fire Com'rs*, 72 id. 449.)

ANDREWS, J. The relator was charged by the foreman of the company, of which he was a member, of having been "under the influence of liquor" at the truck house of the company, at a time specified. He was notified of the charge and appeared before the commissioners, at a time appointed for its examination, and pleaded guilty. He then desired to make a statement on his own behalf, and having been sworn, testified, in substance, that on the morning of the occurrence in question he had a chill and pains in his back and went home to breakfast, and before eating any thing drank a glass of brandy and

was overcome thereby, his language being " it seemed to fetch me altogether." The foreman was examined as a witness, and testified, that the relator came to quarters in the morning and was under the influence of liquor ; that he was a hard drinker, and that the witness had had occasion to reprimand him for his habits. The commissioners found the relator guilty and sentenced him to be dismissed from the force. The *certiorari* is brought to review these proceedings.

The powers and jurisdiction of the board of fire commissioners in relation to the government and discipline of members of the fire department, and the punishment of offenses, is defined in section 77 of chapter 335 of the Laws of 1873, and section 60 of chapter 137 of the Laws of 1870. The act of 1873 declares that the government and discipline of the fire department shall be such as the board of fire commissioners may, from to time, by rules, regulations and orders prescribe, but that officers and members of the uniformed force shall be removable only after written charges have been preferred against them, and after the charges have been publicly examined into upon such reasonable notice to the person charged and in such manner of examination as rules and regulations of the board may prescribe. By section 60 of the act of 1870, which, by section 77 of the Laws of 1873, is made applicable, so far as pertinent to the fire department, the board of fire commissioners, is empowered in its discretion, on conviction of a member of the fire department of any legal offense, or neglect of duty, or violation of rules, or neglect or disobedience of orders, or incapacity, or absence without leave, " or any conduct injurious to the public peace or welfare, or immoral conduct, or conduct unbecoming an officer," to punish the offending party by reprimand, forfeiting or withholding pay, or dismissal from the force.

The rule is now settled, that on a common-law *certiorari* the court will examine the record not only for the purpose of seeing whether the subordinate tribunal kept within its jurisdiction, but also to ascertain whether there was any legal proof of facts authorizing the adjudication, and whether any rule of

law affecting the right of the relator has been violated. (*People* v. *Smith*, 45 N. Y. 772; *People* v. *Board of Commissioners*, 69 id. 408.) But if the tribunal had jurisdiction, and there was evidence legitimately tending to support its decision, and no rule of law was violated, the adjudication is final, and cannot be reviewed upon *certiorari* because the evidence upon which it proceeded was weak or inconclusive, or because the court issuing the writ would, if the case had originally been presented for its decision, have decided differently upon the facts. (*The People* v. *Goodwin*, 5 N. Y. 568.)

The proceedings of the commissioners in this case should, we think, upon the doctrine applicable to the subject, have been affirmed. The charge against the relator was in writing. He was notified of the charge, and of the hearing, and the examination was public. The charge was in substance a charge of intoxication. That the relator so understood it is implied in the statement made by him before the board. It cannot be doubted that intoxication, without adequate excuse, of a member of the fire department, while on duty, to whom is confided the duty of guarding and protecting the lives and property of citizens from the dangers of conflagration, is an act injurious to the public welfare, and unbecoming an officer. The excuse offered by the relator, if true, would perhaps have exonerated him from blame. But the evidence of the foreman that the relator was in the habit of using intoxicating liquors, and had previously been reprimanded on that account, reflected light upon the transaction, and the credibility of the relator's statement was a question for the decision of the commissioners. They found, or might have found upon the evidence that the excuse of the relator was a pretext, and that indulgence of his appetite was the real reason for his drinking the brandy which caused the intoxication, and it must be assumed in support of the adjudication that this was found.

The point that the commissioners could not remove a member of the force for intoxication, until rules had been adopted and promulgated, of which the act charged was a violation, is not well taken. Section 77, of the act of 1873, and section 60, of

the act of 1870, are to be construed together. By the former, the board of commissioners is authorized to enact rules for the government of the force, and a violation of such rules is, by section 60 of the act of 1870, a cause of removal. But that section also prescribes other causes of removal, including conduct injurious to the public welfare, and conduct unbecoming an officer. It would be impracticable to enact rules defining all the particular acts which shall constitute such conduct, and we are of opinion that this is unnecessary. Section 60 of the act of 1870 is the rule enacted by the legislature applicable to the subject, and no further rule was required, in order to give the commissioners jurisdiction to act in a case where the charge made is within that section. It is manifest that the interests of the service require that a wide discretion should be vested in the commissioners in determining what conduct is injurious to the public interest and unbecoming an officer, and their judgment, unless there is an entire absence of evidence to sustain it, ought not to be disturbed. It is not to be presumed that they will act unfairly, or through the influence of passion or prejudice. The commissioners acquired jurisdiction of the case, by the charge and notice, and the method of procedure on the trial was not a matter affecting their jurisdiction.

The order of the General and Special Term should be reversed, and the proceedings of the commissioners affirmed, without costs.

All concur.

Ordered accordingly.