The People, ex rel. John Murphy, Appellant, *v.* Stephen B. French et al., Commissioners, etc., Respondents.

The provisions of chapter 16 of the Code of Civil Procedure in reference to appeals, do not apply to an appeal in a proceeding by *certiorari* commenced prior to September 1, 1880 (Code, § 3347, subd. 11).

*It seems,* the provision of said chapter (§ 2140), declaring that in such a proceeding the court, upon " *the hearing,*" shall have power to determine whether there was such a preponderance of proof against the existence of any fact found, that the verdict of a jury affirming its existence rendered in an action in the Supreme Court, " would be set aside as against the weight of evidence," has no application to appeals to this court.   It only applies to the " hearing " on return to the writ, and is confined to the court in which such hearing is had.

*It seems,* also, that the general statutory scheme for the distribution of judicial powers does not contemplate the review by this court of disputed questions of fact, and it will not entertain such questions in the absence of express legislative authority.

(Argued April 16, 1883; decided April 24, 1883.)

APPEAL from order of the General Term of the Supreme Court, made May 20, 1881, which affirmed an order of Special Term affirming the proceedings of the board of police of the police department in the city of New York, which were brought up for review by *certiorari.*

In January, 1880, written charges were preferred against the relator, who was a patrolman, for conduct unbecoming an officer, with specifications for improperly demanding and receiving sums of money from houses of prostitution.   The usual notice of examination was given to him.   Such examination was had in May, 1880, the relator appearing by counsel, and on May 24 the relator was found guilty and removed.   The writ of *certiorari* was issued in April, 1880.

*John D. Townsend* for appellant.   The new provision embodied in subdivision 5 of section 2140 of the Code of Civil Procedure was applicable to the relator's proceeding, although the *certiorari* was granted prior to September, 1880.   (Code of Civ. Pro., §§ 2141, 3347, subd. 11; *People, ex rel. Hart,* v. *Bd. Fire Comm'rs,* 82 N. Y. 358.)

*D. J. Dean* for respondents.   The order appealed from is not reviewable in this court.   (*People* v. *Sup'vrs of Allegany Co.,* 15 Wend. 198; *People, ex rel. Agnew,* v. *The Mayor,* 2 Hill,

9; *Matter of Mt. Morris Square*, id. 14; *People, ex rel. Moore*, v. *Mayor*, 5 Barb. 43; *People* v. *Rochester*, 21 id. 656.) This court will not entertain an appeal from an order which quashes and vacates the writ. (*People, ex rel. Davis*, v. *Hill*, 53 N. Y. 545; *People, ex rel. Hudson*, v. *Fire Comm'rs*, 77 id. 605; *People, ex rel. Waldman*, v. *Police Comm'rs*, 82 id. 507; *People, ex rel. Purvis*, v. *Police Comm'rs*, 86 id. 639.) Even where it appears that the tribunal below examined the proceedings and pronounced them regular, and assigns that as the reason for its decision. (*People* v. *Stilwell*, 19 N. Y. 531.) The court will not, in this proceeding, examine into the evidence farther than to see whether there is any competent testimony to sustain the conviction. (*People, ex rel. Cook*, v. *Bd. of Police*, 39 N. Y. 506, 512, 518; *People, ex rel. Folk*, v. *Bd. of Police*, 69 id. 408; *People, ex rel. Campbell*, v. *Campbell*, 82 id. 247; *People, ex rel. Hart*, v. *Bd. of Fire Comm'rs*, id. 358.) A verdict will not be set aside where the question was one of the credibility of witnesses, that question being solely within the province of the jury. (*Morss* v. *Sherill*, 63 Barb. 21; *Honsee* v. *Hammond*, 39 id. 89, 96; *Winchell* v. *Latham*, 6 How. 682; *Culver* v. *Avery*, 7 Wend. 384; *Cheney* v. *N. Y. C., etc., R. R. Co.*, 16 Hun, 415.) It is only where, either from an overwhelming preponderance of contrary testimony, or from some other cause, the court are forced to believe that through passion, prejudice, inattention or mistake, they have failed to perform their function, and have not weighed the testimony, that they set the verdict aside. (*Cothran* v. *Collins*, 29 How. 155; *Cohen* v. *Dupont*, 1 Sandf. 260, 262; *Murphy* v. *Boker*, 3 Rob. 1, 4, 5; *People, ex rel. Hart*, v. *Fire Comm'rs*, 82 N. Y. 358, 362.)

Ruger, Ch. J. Upon conflicting evidence the relator was removed by the board of police commissioners from his position as a member of the police force of the city of New York.

The board had jurisdiction to make the order, and the charges made against the relator were sufficient to warrant his removal, if legally established. (§ 55, chap. 335, Laws of 1873.)

The Special and General Terms have both affirmed the order of the commissioners upon the merits, and we are now asked to review the evidence upon which their determinations were based.

It is claimed by the appellant that by force of section 2140 of the Code of Civil Procedure this court have the right to review the decisions of the subordinate tribunals and reverse them, if we should conclude that the weight of evidence was so decidedly against their conclusions, that a trial court would be justified in setting aside a verdict if rendered upon similar evidence, as against the weight of evidence.

It is not claimed by the appellant that there is an absence of evidence to support the order of removal, but his claim is, that the evidence of the defendant strongly preponderated over that of the relator.

For several reasons we think that the claim of the defendant as to the power of review possessed by this court is incorrect.

This proceeding was commenced previous to the 1st day of September, 1880, and must, therefore, be governed by the rule in force prior to that time.

It has been repeatedly held by this court that upon an appeal from a decision of the court below rendered upon a common-law *certiorari* it will look into the record only for the purpose of seeing whether the subordinate tribunal has kept within its jurisdiction, based its decisions upon some legal proof of the facts authorizing it, and violated no rule of law in its proceeding affecting the right of the relator. (*People, ex rel. Hart,* v. *Board of Fire Commissioners,* 82 N. Y. 360 ; *People, ex rel. Haines,* v. *Smith,* 45 id. 772 ; *People, ex rel. Folk,* v. *Board of Police Commissioners,* 69 id. 408.) It necessarily follows, unless some change has been made by the Code of Civil Procedure in the consideration of such appeals, that this order must be affirmed. Section 2140 of that Code provides among other subjects of consideration that the court should also upon the *hearing* have power to determine " whether there was upon all the evidence such a preponderance of proof against the existence of any of those facts, that the verdict of a jury

affirming the existence thereof, rendered in an action in the Supreme Court triable by a jury, would be set aside by the court as against the weight of evidence."

This section would, if applicable to this case, require us to go farther than the former practice authorized and examine the record not only to see if there was any evidence to support the finding of the trial court, but also to see whether that evidence was not overborne by the contradicting evidence of the defendant.

But it is further provided by subdivision 11 of section 3347 of the Code that "so much of chapter 16 as regulates the proceedings to be taken in an action or special proceeding and the effect thereof applies only to an action or special proceeding commenced on or after the 1st day of September, 1880."

That the character of the questions presented for review upon an appeal from a decision of a trial court rendered upon a common-law *certiorari* are the necessary and logical effects of the proceedings authorized and regulated by chapter 16 of the Code cannot admit of doubt or discussion, and such effects are by the express terms of section 3347 denied application to a proceeding commenced prior to September 1, 1880.

But beyond this it is quite apparent that section 2140 has no application to appeals to this court from decisions made upon the hearing of common-law *certioraris.* The provision quoted is by its terms confined to proceedings occurring at the "hearing" upon the return of the writ and must necessarily be confined to the court in which such hearing is had.

The general scheme for the distribution of judicial powers established by the laws and practice of the State does not contemplate the review by this court of disputed questions of fact, and it will not entertain such questions in the absence of express provisions of law authorizing such review.

The order should, therefore, be affirmed, with costs.

All concur.

Order affirmed.