Brady, J.
The charge against the relator was neglect of duty, the specification being that he in company with another officer was absent from post during patrol duty and was seated on a chair with his head resting on a table and asleep in the summer garden of Henry M. Botjers, southwest corner of Fifty-first street and Broadway at 4 :45 A. M., on the 31th of August, 188'5.
The testimony of the roundsman who found the relator in the condition stated in the specification is positive, giving as it does all the details of the occurrence. The relator sought to justify his action by a statement that he had been advised of a contemplated burglary and went into the garden mentioned for the purpose of arresting the offenders if it was attempted. His testimony scarcely amounted to a positive denial that he was asleep; but even if it were so, that would not, in view of the decisions affecting proceedings of this character, be of any value. The officer who was with him and also asleep, according to the testimony of the roundsman, testified that he was not asleep; but his cross-examination shows that this statement could not be accepted as absolutely true. The most advantageous view for the relator that can be taken of this proceeding is that there is a conflict of evidence. But it cannot be said that it so preponderates as to justify the conclusion that a palpable error was committed by the respondents, although it may be that even if the converse view could be indulged in. it would not result to the relator’s benefit. The court of appeals have substantially settled the rule that the commis *254 sioners are statutory judges and when they find upon conflicting evidence the finding is conclusive; and that the court is not to inquire into the merits of the decision; or the justness of the penalty imposed. It can only look far enough to see that some violation of duty or negligence was charged against the relator and evidence given tending to establish its existence. People ex rel. Hart v. Fire Commissioners, 82 N. Y., 358 ; People ex rel. Masterson v. Same, 96 id., 644; People ex rel. Popp v. French, MSS. op., Gen. Term, May, 1884; People ex rel. Murphy v. French, 92 N. Y., 306. The trial had was under the provisions of the statute; all to which the relator was entitled. He had written notices of the charges and appeared by counsel, and had the opportunity to present his defense.
■ For these reasons the writ should be dismissed.
Van Brunt, P. J., and Daniels, J., concur.