PEOPLE ex rel. MUNSON v. McCLAVE et al., Police Commissioners.

(Supreme Court, General Term, First Department. June 6, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICEMAN.

Relator was charged with being off his post, and with having been in a liquor store, during his tour of patrol duty. He denied being in the store, and claimed that he went to it upon information that a certain person wanted to see him, and tapped upon the window from the outside. The person who kept the saloon and three others testified that he was not in the saloon. The roundsman alone testified in support of the charge. Held, that relator's dismissal from the force could not be sustained.

Certiorari to review the action of the police commissioners of the city of New York in dismissing relator, John J. Munson, from the police force of their city.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

Louis J. Grant, for relator. John J. Delany, for respondents.

BRADY, J. The charge against the relator was that he was off his post, and was seen coming out of the liquor store, No. 241 Bleecker street, at 11:52 A. M., on December 4, 1889, during his tour of patrol duty. When the case was called, the charge was read, and the relator at once sworn. He denied having been in the store, maintaining that he was outside all the time he was in its vicinity, and not inside. He went to it having been informed that a man named Page wanted to see him, and he tapped upon the window from the outside. He proved also by Messrs. Codington, Page and Burns, who kept the saloon mentioned, and Mr. Lavell, that he was not in it on the morning mentioned. All of these witnesses were contradicted, but only by Roundsman Budd, who was, of course, anxious to sustain the charge which was made by him against the relator. The cases in the court of last resort adjudging the effect of conflicting evidence have gone very far towards investing the respondents with absolute power in proceedings of this character, but have not yet gone quite so far as to say that, when the evidence against the fact urged is so overwhelming as to utterly dispose of it, the judgment pronounced cannot be disturbed. It has not yet been held even there that a conviction can be sustained without evidence. Indeed, it is said, the court can examine the record to ascertain whether any transgression is charged, and, if yea, whether there is any evidence tending to establish it. People v. Board, 82 N. Y. 358; People v. French, 7 N. Y. St. Rep. 253. Here there is none, for its semblance has been routed and discharged, and it cannot be held to be true, in any respect, except that the relator was on duty, which was not denied. The dereliction stands asserted, but not sustained; charged, not proven, but completely answered and dispelled. The complainant roundsman, Budd, is mistaken, clearly so. No doubt is entertained of his honesty of purpose, but he is mistaken. For these reasons the judgment should be reversed, and the relator reinstated. Ordered accordingly. All concur.