EDWARD J. FARRELL, Plaintiff-Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant-Appellant.

(Supreme Court, Appellate Term, April, 1910.)

Municipal corporations — Officers and agents — Officers and employees or agents other than mayor and common council — Compensation — Power to fine employees — Janitors of public schools — Subjection of employees to rules.

In the absence of statutory authority a board of education is without power to discipline its employees by the imposition of a fine.

A janitor of a public school in the city of New York is an "employee" of its board of education within the meaning of section 1100 of the Greater New York charter and may be tried and fined as in the case of a trial of a teacher or principal, under section 1093 thereof.

The power conferred by section 1068 of said charter upon the board of education of the city of New York to enact "by-laws, rules and regulations for the proper execution of all the duties

devolved upon the board, its members and committees   *   *   * and for the promotion of the welfare and best interests of the public schools and public school system of the city in the matters committed to its care" authorizes the adoption of a by-law fining a janitor of a public school building for a violation of the rules and regulations of the board of education.

    A contract between the janitor of a public school building in the city of New York and its board of education is subject to the power given the board of education to enact by-laws, rules and regulations for the proper execution of its duties, and the janitor may be punished for the violation of a by-law adopted subsequently to the making of said contract.

APPEAL by the defendant from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, borough of Manhattan, sixth district.

Archibald R. Watson, Corporation Counsel (Theodore Connoly and Charles McIntyre, of counsel), for appellant.

Isidore Klatzkie, for respondent.

SEABURY, J. The plaintiff, a janitor in a public school of the city of New York, instituted this action to recover twenty-eight dollars and ninety-eight cents, the amount of two fines imposed by the defendant upon him for the violation by him of the defendant's by-laws. The only question to be determined upon this appeal is whether the board of education had a legal right to impose the fine upon the plaintiff. It is settled that, in the absence of statutory authority, the board of education is without power to discipline its employees by the imposition of a fine. People ex rel. Hoffman v. Board of Education, 143 N. Y. 62. The fine imposed upon the plaintiff was imposed by the committee on care of buildings, which was a commitee of the defendant. Section 1100 of the Greater New York charter provides that: "The board of education may investigate, of its own motion or otherwise, either in the board or by a committee of its own body   *   *   *   the conduct of any of its *   *   *   employees   *   *   *; and for the purpose of such investigation such   *   *   *   committee and its chairman shall have and may exercise all the powers which the

board of education has or may exercise in the case of a trial under section one thousand and ninety-three of this act."

Section 1093 prescribes the requirements of law regarding the trial of a teacher or a principal of a public school and the penalty which may be imposed upon one found guilty of charges preferred against him and provides that " * * * such penalty or punishment shall consist of a fine, suspension for a fixed time without pay, or dismissal."

A janitor of a public school is an employee of the board of education within the meaning of section 1100 of the charter, and that section confers upon the defendant the same powers in dealing with such employees as it possesses in the case of a trial of a teacher or principal under section 1093. This latter section specifically authorizes the imposition of punishment upon such delinquent and prescribes its nature.

We think it is clear that the fines imposed upon the plaintiff were imposed by the defendant in the exercise of its statutory powers.

There is another ground, also, upon which the fines imposed upon the plaintiff may be justified. In section 1068 of the charter it is provided that " The board of education shall have power * * * to enact by-laws, rules and regulations for the proper execution of all duties devolved upon the board, its members and committees * * * and for the promotion of the welfare and best interests of the public schools and the public school system of the City in the matters committed to its care." Section 25 of the by-laws of the defendant was adopted November 22, 1905, and provides as follows: " Whenever it shall be charged that any janitor has violated the by-laws or rules or regulations applicable to janitors, said committee (the committee on care of buildings) may require such janitor to appear before it; and if, after a hearing, the committee shall decide that said by-law, rule or regulation has been violated, it may impose a fine not exceeding five days' salary of said janitor. In case of a serious delinquency on the part of a janitor, the determination of the committee shall be reported to the board which may approve or disapprove the same."

Section 1068 of the charter empowered the board of education to enact by-laws, rules and regulations, and the by-law quoted above was adopted pursuant to such authority. This by-law in terms authorized the imposition of a fine; and, if the by-law was binding upon the plaintiff, there can be no doubt that the fines sought to be recovered in this action were lawfully imposed. People ex rel. Hoffman v. Board of Education, *supra.*

The plaintiff contends that the by-law was not binding upon him, because he never assented to it. The contract which the plaintiff made with the defendant was subject to the power given the board of education to enact by-laws, rules and regulations for the proper execution of the duties which devolved upon the board. Buckbee v. New York Board of Education, 115 App. Div. 366; affd., 187 N. Y. 544. The fact that the plaintiff was appointed janitor in 1903 and that the by-law was passed in 1905 does not alter the situation; as the power of the board to enact by-laws, with reference to which the plaintiff and defendant contracted, was a continuing one. Buckbee v. New York Board of Education, *supra.* The by-law which provides for the imposition of a fine in certain cases is claimed by the plaintiff to be arbitrary and unreasonable. On the contrary, we think it is a reasonable and just regulation. The school-houses of the city are under the control of the board, and the janitors of such buildings must attend to keeping them clean, and properly heated and ventilated. The proper performance of these duties by janitors is essential to the preservation of the health and welfare of the school children of the city. To insure the proper performance of these duties it is only reasonable and just that the board should make provision for the discipline of those janitors who are guilty of violating its proper rules.

Judgment reversed, with costs, and complaint dismissed.

LEHMAN and GAVEGAN, JJ., concur.

Judgment reversed and complaint dismissed.