(70 Misc. Rep. 518.)

### EGAN v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. February 9, 1911.)

1. MUNICIPAL CORPORATIONS (§ 211*)—BOARD OF EDUCATION—ACTS—REVIEW BY COURTS—METHOD.

Plaintiff, a janitor in a public school of the city of New York, sued to recover the amount of fine imposed upon him by the board of education, based upon a finding of the board that plaintiff had violated a rule of the department, and plaintiff recovered judgment in the Municipal Court. *Held*, that the judgment must be reversed, as plaintiff's sole remedy to review the act of the board was by certiorari, as the action was a collateral attack upon the determination of the board not warranted in law.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 211.*]

2. MUNICIPAL CORPORATIONS (§ 211*)—BOARD OF EDUCATION—POWERS—"EMPLOYÉ."

Under Greater New York Charter (Laws 1901, c. 466) § 1100, granting to the board of education certain judicial powers over officers and employés, and section 1068, giving power to enact by-laws, rules, and regulations for defining the duties of officers and subordinates, which have the force of law, and section 1093, providing for penalties for violation thereof to be imposed by the board, consisting of a fine, suspension, or dismissal, a janitor is an employé and subject to the penalty prescribed in section 1093.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 211.*

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2369–2377; vol. 8, p. 7649.]

3. MUNICIPAL CORPORATIONS (§ 211*)—BOARD OF EDUCATION—JUDGMENT OF.

Where a janitor of a school board was brought up on charges before a committee of the board and was tried and found guilty and a fine im-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

posed on him, and the penalty was approved by the board, the board having jurisdiction of the subject-matter, its judgment is final, and not subject to collateral attack.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 211.*]

4. MUNICIPAL CORPORATIONS (§ 211*)—BOARD OF EDUCATION—REVIEW OF ACTS OF.

If any prerogatives have been unlawfully assumed by the board, any abuse of authority indulged in, or any substantial injustice done, the Appellate Division on review may rectify it.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 211.*]

5. MUNICIPAL CORPORATIONS (§ 211*)—BOARD OF EDUCATION.

Section 25 of the by-laws of the board of education, providing that, when a janitor violates rules, the committee on care of buildings may require him to appear before it, and, if guilty, may impose a fine of not exceeding five days' salary, does not conflict with the power of the board to fine under Greater New York Charter (Laws 1901, c. 466) §§ 1100, 1068, 1093, giving the board certain judicial powers over officers and employés and to pass by-laws, rules, and regulations, and fine for the violation thereof, as it was intended to distribute the work to avoid consideration of trifling charges by the board and reserve more serious charges to the board itself.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 211.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by James J. Egan against the Board of Education of the City of New York. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and complaint dismissed.

See, also, 68 Misc. Rep. 347, 123 N. Y. Supp. 1025.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Archibald R. Watson (Theodore Connoly and Charles McIntyre, of counsel), for appellant.

Nathan B. Chadsey, for respondent.

DELANY, J. The facts in this case were stipulated, judgment rendered for plaintiff, and defendant appeals.

The plaintiff, a janitor in a public school of the city of New York, brought this action in the Municipal Court to recover $347, the amount of a fine imposed upon him by the defendant and which was withheld from his salary after a trial had pursuant to the provisions of the Greater New York Charter (Laws 1901, c. 466). This forfeiture of salary was based upon a finding by the board of education that the plaintiff had been guilty of an infraction of a rule of the department. When charges were preferred against the plaintiff, he was suspended "pending trial," and his fine was measured by 76 days' pay, being equal to the number of days of his suspension before the final determination of his trial.

The case is undoubtedly one where the proper and exclusive remedy, if there be any valid grievance to redress, is by review of the proceed-

ings had before the board of education by means of a writ of certiorari. The proceedings below were without warrant of law and constituted a collateral attack on the determination of the board.

Section 1100 of the Greater New York Charter contains the grant of certain judicial powers necessary for a disciplinary tribunal and confers jurisdiction on such tribunal to hear and determine charges against certain employés of the board who are by the same statute entitled to a trial. The section reads as follows:

"The board of education may investigate, of its own motion, or otherwise, either in the board or by a committee of its own body, any subject of which it has cognizance or over which it has legal control, including the conduct of any of its members or employés or those of any local school board; and for the purpose of such investigation, such board or its president, or committee and its chairman, shall have and may exercise all the powers which the board of education has or may exercise in the case of a trial under section one thousand and ninety-three of this act. Any action or determination of a committee appointed under the provisions of this section shall be subject to approval or reversal by the board which may also modify the determination of the committee in such way as the board shall deem proper and just, and the judgment of the board thereon shall be final."

The board is likewise empowered to make rules for the conduct and duties of these employés. Charter, § 1068, reads:

"The board of education shall have power * * * to enact by-laws, rules and regulations for the proper execution of all duties devolved upon the board, its members and committees and upon the several local school boards; for the transaction of all business pertaining to the same; for defining the duties of the city superintendent of schools, the superintendent of school buildings, the superintendent of school supplies, of its auditor or auditors, its clerks and subordinates; * * * for the proper execution of all powers vested in it by law and for the promotion of the best interests of the public schools and public school system of the city in the matters committed to its care. * * *"

And all proper by-laws have the force of law.

Section 1093 provides for the trial of teachers and principals and prescribes the penalties which may be imposed upon one found guilty. "Such penalty or punishment shall consist of a fine, suspension for a fixed time without pay or dismissal."

A janitor is an employé referred to in section 1100 of the Charter, and the penalties prescribed in section 1093 are applicable to him. Farrell v. Board of Education, 67 Misc. Rep. 187, 122 N. Y. Supp. 289.

Before the tribunal above mentioned, this plaintiff was brought on charges. He was tried and found guilty, and the fine was imposed upon him. The imposition of this penalty was approved by the board, and its judgment is final. Section 1100. Here is more than sufficient to establish the jurisdiction of the board of education to try and determine the charge against plaintiff of an infraction of the rule. Having jurisdiction of the subject-matter and the party, its determination is a judgment finally determining the question involved, and it cannot be collaterally attacked. Fisher v. Hepburn, 48 N. Y. 41; Herring v. N Y., L. E. & W. R. R., 105 N. Y. 340, 372, 12 N. E. 763; Dobson v. Pearce, 12 N. Y. 156, 62 Am. Dec. 152.

If any prerogatives were unlawfully assumed by the board, any

abuse of authority indulged in, or any substantial injustice done, the Appellate Division on review could rectify it.   People ex rel. Citizens' L. Co. v. Feitner, 81 App. Div. 118, 81 N. Y. Supp. 73; People ex rel. Coyle v. Martin et al., 142 N. Y. 352, 37 N. E. 117.

. Much of the contention brought before us was based on an alleged limitation on the power of the board to fine a janitor because of a by-law entitled:

"Committee on Care of Buildings.   Sec. 25.   *   *   *   (5) Whenever it shall be charged that any janitor has violated the by-laws or the rules or regulations applicable to janitors, said committee may require such janitor to appear before it, and if, after a hearing, the committee shall decide that such by-law, rule or regulation has been violated, it may impose a fine not exceeding five days' salary of such janitor.   In case of a serious delinquency on the part of a janitor, the determination of the committee shall be reported to the board, which may approve or disapprove the same."

But it seems plain that, when the board availed itself of the provision contained in section 1100 of acting by means of one of its committees, it merely intended to distribute the work and to avoid the consideration of charges for trifling offenses punishable with not more than a fine of five days' pay.   It reserved charges for more serious infractions of rules for itself.   This does not mean that the board did or could divest itself of the power conferred by the statute creating it. It was this power which was exercised on the trial of the plaintiff.

There are other questions of great variety raised by the respondent in his brief, which, were they presented to a court reviewing the action of the board of education on a writ of certiorari, might be discussed; but for the decision of this appeal it is sufficient that it appear that the board of education had jurisdiction of the subject-matter of the trial referred to, and then our course is plain.

The court below was without power to entertain this case, which was a collateral attack on the judicial determination of the board of education.   Plaintiff's sole remedy was by writ of certiorari.

Judgment reversed, and complaint dismissed, with costs to the appellant in this court and in the court below.   All concur.