First Department, November, 1957

## (November 6, 1957)

■ Louis Rothman et al., Respondents, et al., Plaintiff, v. Estate of David Rosenberg, Deceased, Defendant, and Queens Farms Dairy, Inc., et al., Appellants.

Appeal from judgment of the Supreme Court at Trial Term (Coleman, J. and a jury) entered July 20, 1956 in the New York County Clerk's office in favor of six plaintiffs for a total of $342,130.74.

Judgment appealed from affirmed.

Frank, J. (dissenting). In my view, the judgments rendered in favor of Ethel Rosenberg, as administratrix of the estate of David Rosenberg, deceased, and Dotty Karpel, as administratrix of the estate of Max Karpel, deceased, appear to be excessive. Such judgments should be reversed and a new trial ordered unless the administratrix in the Rosenberg case stipulates to reduce the verdict to the sum of $100,000 with interest thereon, and the administratrix in the Karpel case stipulates to reduce the verdict to $70,000 with interest thereon in which event those judgments should be affirmed. The judgments entered in favor of all other plaintiffs should be affirmed.

McNally, J. (dissenting). On the evening of July 19, 1953, on Route 17, south of the hamlet of Harris, at or near a vehicular bridge crossing the Mongaup Creek, a Dodge passenger automobile and a tractor-trailer milk tank collided. The operator of the Dodge automobile and two passengers were killed and three other passengers therein were injured.

The persons in the Dodge automobile were seated as follows, from left to right: in the front, the operator, the decedent Rosenberg, and the plaintiffs Schwartzberg and Rothman; in the rear, the decedent Gritz, plaintiff Marilyn Gritz, his daughter, and the decedent Karpel.

It was raining and the roadway was slippery. Route 17, at the site of the occurrence, is a two-lane macadam highway approximately 20 feet wide. The bridge crossing the Mongaup Creek is bounded on each side by a concrete wall. At either end of each wall and attached thereto are two vertically elevated wire guide cables extending along the sides of and parallel with the road and attached to concrete steel reinforced posts. The Dodge automobile and the tractor-trailer were proceeding southerly. As a result of the occurrence, several of the concrete posts north of the concrete wall of the bridge bounding the southbound lane and several of the concrete posts south of the concrete wall of the bridge bounding the northbound lane were knocked down. The Dodge automobile came to rest east of the northbound lane at a distance estimated to be 50 to 100 feet south of the bridge. There was considerable damage of both the right and left sides of the Dodge automobile. Along the right side thereof was a horizontal indentation caused by the front bumper guard of the tractor. The lid of the luggage compartment in the rear was undamaged.

Plaintiffs' version of the occurrence is that the Dodge automobile was struck by the tractor as the tractor-trailer was attempting to pass it. Defendants' version of the occurrence is that the Dodge automobile passed the tractor-trailer and in attempting to return to the southbound lane skidded and crashed into the north end of the concrete wall bounding that lane. Defendants admit contact between the tractor and the Dodge automobile but claim that it occurred after the Dodge automobile had crashed into the bridge wall and rebounded into the southbound lane exposing its right side which came in contact with the bumper of the tractor. It is undisputed and the plaintiffs do not contend

otherwise that the Dodge automobile came in contact with the posts and wall bounding the southbound lane and thereafter was catapulted diagonally and southerly to the northbound lane where it crashed into the posts south of the wall bounding that lane. The trial court found that the accident occurred while the tractor-trailer was traveling at a speed much faster than the Dodge automobile and while attempting to pass it.

The total length of the tractor-trailer was 36 feet. At a speed exceeding that of the Dodge automobile, the 36-foot length of the tractor-trailer, in the act of passing the passenger car, would have presented a wall of obstruction to the Dodge automobile preventing it from being projected to the northbound lane after it had struck the posts and concrete wall bounding the southbound lane. Furthermore, it was physically impossible for the bumper of the tractor to come in contact with the right side of the Dodge automobile if it be assumed that the tractor-trailer was proceeding at the speed claimed by the plaintiffs and found below, and struck the left side of the Dodge automobile. In that case, the front of the tractor would have swept past the left side of the Dodge automobile and would not have come in contact with any part of its right side. The remaining physical facts and circumstances also disprove plaintiffs' theory of the case and tend to corroborate the defendants' version thereof.

There appears no discernible damage to the right front of the tractor which, on the theory of the recovery herein, presumably came in contact with the Dodge automobile in the attempt of the former to pass it. Contrariwise, the left front of the tractor does show damage indicating contact with an object attempting to cross its path and confirming the testimony of the operator of the tractor-trailer that his vehicle at no time left the southbound lane. The fact that the lid of the luggage compartment was undamaged is inconsistent with the claim that the tractor-trailer, weighing 60,000 pounds and proceeding at the alleged speed, came in contact with the left rear of the Dodge automobile. Upon such contact, it is inconceivable that the trunk lid would have remained undamaged. More logical and corroborative of the defendants' version is the likelihood that the Dodge automobile struck the bridge wall and one or more of the posts bounding the southbound lane, or either of them, causing the force of the blow to be transmitted to the rear and springing open the trunk lid before the left side of the Dodge automobile was damaged. All of the relevant physical facts disprove plaintiffs' theory of the case.

Furthermore, there is no direct evidence supporting the plaintiffs' theory. The sole evidence in support thereof comes from the three surviving plaintiffs, passengers of the Dodge automobile. The sum and substance of their testimony is that they heard "a terrific crash"; they did not see the tractor, and each "blacked out" immediately. From the sound of the crash, each of the three surviving passengers inferred that it came from the left side and was caused by a vehicle attempting to pass the Dodge automobile. Apart from the consideration of the motives of the plaintiffs and the other testimony in the cause, the inferences of the surviving passengers, in the light of the physical facts, do not constitute the scintilla of evidence sufficient to sustain a finding of negligence herein. There is no question but that the Dodge automobile came in contact with the bridge wall and the posts of the southbound lane as well as the tractor, all within a matter of seconds. Under the circumstances, without awareness of the impendency of the occurrence, it was impossible for the passengers to reliably identify the source and location of the first impact. Yet, the theory of the plaintiffs' case hangs entirely upon this single gossamer thread. This is so because contact between the tractor and the Dodge auto-

mobile is admitted and the contact between the Dodge automobile and the bridge wall and posts bounding the southbound lane is indisputable. If the Dodge automobile initially collided with the posts and concrete wall, or either of them, then there is no basis for the finding of negligence on the part of the defendant-appellants.

Plaintiffs' theory of the case is not in any way aided by discrediting the testimony of the defendants' witnesses. Their testimony serves only to support the defendants' version of the occurrence. Nevertheless, the fact that it is necessary, in order to sustain plaintiffs' theory, to discredit the testimony, excluding the testimony of the operator of the tractor, of four officials, Driscoll, Dakin, and Bartley, respectively, inspector, sergeant and trooper of the New York State police, and Negri, policeman of the Town of Harris; and one lay witness, apparently without motive to falsify and no interest in the result of this litigation, demonstrates a result inconsistent with the physical facts and the probabilities.

A judgment which requires credence in testimony "inherently improbable" to the extent that its falsity is "morally certain" should not stand. (*Bottalico* v. *City of New York*, 281 App. Div. 339, 341.) Here, in addition, there is a substantial failure of evidence. (*People ex rel. Coyle* v. *Martin*, 142 N. Y. 352, 354; *Leinkauf* v. *Lombard*, 137 N. Y. 417, 426.) If it be assumed there is present a scintilla of evidence in support of the judgment, it nevertheless should be reversed because it is in conflict with the overwhelming, immutable physical facts. (*Hudson* v. *Rome, Watertown & Ogdensburg R. R. Co.*, 145 N. Y. 408, 412; *Hunter* v. *New York, Ontario & Western R. R. Co.*, 116 N. Y. 615, 624; *Schrager* v. *Foster*, 181 App. Div. 923; *Szpyrka* v. *International Ry. Co.*, 213 App. Div. 390, 393; *Davis* v. *Cross*, 126 N. Y. S. 2d 49, 51.)

The physical evidence conclusively establishes that the Dodge automobile was attempting to pass the tractor-trailer at the time of the occurrence. In that aspect of the case, as a matter of law, the decedent Rosenberg, the operator of the Dodge automobile, was negligent. Under the circumstances, there should be a new trial of this cause, except as to the complaint in the Rosenberg action, which should be dismissed.

Botein, J. P., Rabin and Bastow, JJ., concur in decision. Frank, J., dissents and votes to modify judgment in favor of plaintiffs Rosenberg, administratrix, etc. and Karpel, administratrix etc., and otherwise affirm in separate memorandum. McNally, J., dissents and votes to reverse and grant new trial, in dissenting opinion.

Judgment affirmed, with costs to respondents.